**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

WASHINGTON, DC
LOS ANGELES, CA
HOUSTON, TX
AUSTIN, TX
CHICAGO, IL
PARSIPPANY, NJ
STAMFORD, CT
BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

AUGUST T HORVATH
DIRECT LINE: (212) 808-7528
EMAIL: ahorvath@kelleydrye.com

January 2, 2018

**BY ECF**
Honorable Joseph F. Bianco, U.S.D.J.
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

        Re:    <u>Berger v. MFI Holding Corp. et al.</u>, Case No. 2:17-cv-6728 (JFB) (ARL)

Dear Judge Bianco:

This firm represents Post Holdings, Inc., the only defendant served to date in this action. We write pursuant to the Court's Individual Rules, part III.A, to request a pre-motion conference regarding Post Holdings' intended motions to dismiss the Complaint under Rule 12(b)(6) and, in the alternative, to strike allegations under Rule 12(f).

**I.    Motion to Dismiss for Failure to State a Claim on which Relief Can Be Granted**

    A.    <u>Defendants' "Made with Real Butter" Claim Is Not Deceptive as a Matter of Law</u>

Defendant Michael Foods, Inc., an indirect subsidiary of Post Holdings, produces heat-and-serve mashed potato products as part of its Simply Potatoes product line. The Simply Potatoes packaging truthfully and accurately states that the mashed potatoes are "made with real butter & milk," and the FDA-mandated ingredient listing truthfully and accurately discloses that the products also contain margarine, among other ingredients. The central allegation of Berger's Complaint is that Defendants, by stating that the products are "made with real butter & milk," also make an implied claim that the products contain no margarine. This allegation fails as a matter of law because no reasonable consumer would believe that, just because a product contains one ingredient, it must not also contain a different ingredient, especially when that ingredient is listed in the ingredient statement using its common and usual name.

To prove conduct is materially misleading as required under GBL §§ 349 and 350, a plaintiff must demonstrate that it would mislead "a reasonable consumer acting reasonably under the circumstances." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). A court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). In so doing, courts take into account the entire context of the alleged misrepresentations, including disclaimers and other disclosures elsewhere on the packaging. *See Fermin v. Pfizer Inc.*, 215 F. Supp. 3d 209, 211-12 (E.D.N.Y. 2016). Although dismissal of false-advertising cases on this ground was formerly rare, a recent rash of meritless lawsuits has created a growing body of Rule

**KELLEY DRYE & WARREN LLP**

Honorable Joseph F. Bianco
January 2, 2018
Page 2

12 case law in this Circuit dismissing challenges to advertising claims because they would not deceive a reasonable consumer. *See, e.g.*, *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (beer did not mislead reasonable consumers that it was of Japanese origin where its Canadian origin was clearly stated); *Mantikas v. Kellogg Co.*, No. 16-cv-2552, 2017 WL 2371183, at *4 (E.D.N.Y. May 31, 2017) (claim "made with whole grain" did not reasonably imply that the product was not also made with enriched white grain, where this was listed in ingredient statement); *Fermin*, 215 F. Supp. 3d at 211-12 (unused volume of pill bottle did not deceive consumers as to number of tablets where the tablet count was clearly disclosed on the bottle).

Berger's Complaint should be dismissed on the basis that no reasonable consumer would interpret the "made with real butter" claim on the Simply Potatoes packaging as an implied "made with no margarine" claim. The truthful highlighting of one ingredient does not reasonably imply the absence of a different ingredient, especially when all ingredients are properly disclosed in the ingredient statement. *See Mantikas*, 2017 WL 2371183 at *4-5.

Berger also attacks other descriptors of Simply Potatoes, some of which do not even appear on the Simply Potatoes packaging. Berger contends, for example, that no product made with margarine can be "simple" or "wholesome," and that this is further support for his claim that the Simply Potatoes packaging is deceptive. Because these allegations are based on the core premise that Defendants deceive consumers as to whether the mashed potatoes contain margarine, the allegations fail together with the primary allegation discussed above. Consumers are fully informed of all ingredients in the products and can arrive at their own determinations as to their simplicity and wholesomeness.

        B.    <u>The Elements of Fraud, Breach of Implied Warranty and Unjust Enrichment Are Not Pled or Supported with Factual Allegations</u>

Berger's fraud claim should be dismissed because Berger has not alleged facts that "give rise to a strong inference of fraudulent intent," *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997), by pleading facts to show that Defendants either had "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Berger's general and conclusory allegation that Defendants "intended for consumers to rely on its claims" does not meet this standard, especially given that no affirmative false ingredient claims are alleged, and that margarine is clearly disclosed as an ingredient.

Berger's claim for breach of implied warranty of merchantability must be dismissed because Berger does not allege that he purchased Simply Potatoes directly from any Defendant or suffered any personal injury. Absent privity of contract between Plaintiff and Defendant, a breach of implied warranty claim cannot be sustained except to recover for personal injuries. *See Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015). The economic injuries alleged by Berger are not "personal injuries." *Kolle v. Mainship Corp.*, 2006 U.S. Dist. LEXIS 28956, at *16 (E.D.N.Y. Apr. 20, 2006) (holding "where only economic loss is alleged, implied warranties do not run to remote purchasers.").

**KELLEY DRYE & WARREN LLP**

Honorable Joseph F. Bianco
January 2, 2018
Page 3

The unjust enrichment claim should be dismissed because it is duplicative of the false advertising claims. An unjust enrichment claim is not available where it merely duplicates a contract or tort claim, which has been held to include GBL false-advertising claims. *See Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 296-97 (S.D.N.Y. 2015) (dismissing unjust enrichment claim that was duplicative of GBL claims); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (same).

      C.      <u>The Action Should Be Dismissed as to the Holding Company and Distributor Defendants</u>

Berger sued not only Michael Foods, Inc., which makes Simply Potatoes, but also its affiliated distribution company, its corporate holding company, and even the holding company of its holding company. There are no allegations of wrongdoing relating to most of the Defendants, including Post Holdings. Berger's vague allegations that all Defendants manufacture, advertise and distribute Simply Potatoes, and that Post Holdings – the only defendant that has actually been served – "directs and controls" all operations of its subsidiaries, are insufficient to establish the liability of these entities. *See In re Frito-Lay North America Inc. All Natural Litigation*, No. 12-MD-2413, 2013 WL 4647512, at *6 (E.D.N.Y. Aug. 29, 2013) (dismissing claims as to corporate parent Pepsico because plaintiff's allegations that Pepsico "markets, advertises and distributes" Frito-Lay products; and "act[s] as a parent company" exercising supervision over subsidiaries "is not enough to give rise to direct liability"), citing *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984).

**II.    Motion to Strike Class Allegations**

Berger's nationwide purported class definition is defective because the vast majority of putative class members, who neither reside nor purchased Simply Potatoes in New York, would not have standing under sections 349 and 350 of the General Business Law. *In re Frito-Lay North America All Natural Litigation*, 12-MD-2413, 2013 WL 4647512, at *18-19 (E.D.N.Y. Aug. 29, 2013). The class allegation in Paragraph 52 of the Complaint should be stricken as to these counts. As to the common-law counts, under settled choice-of-law principles, the common-law claims of putative class members outside New York must lie under their own States' common laws. *Id.* at *19. "In the case of a class action, there must be 'a named plaintiff sufficient to establish jurisdiction over each claim advanced.'" *Stoltz v. Fage Dairy Processing Industry*, No. 14-cv-3826 (MKB), 2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015), quoting *Police & Fire Ret. Sys. of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 (2d Cir. 2013). There are no parties before the Court who allegedly have standing to assert claims under the common law of any state other than New York, and accordingly, Berger's nationwide purported class allegations should be stricken as to these counts also. *See Frito-Lay*, 2013 WL 4647512, at *19.

                                                             Respectfully submitted,

                                                             August T. Horvath