

1540 Broadway
23rd Floor
New York, NY 10036

646.927.5500 main
646.927.5599 fax

August T. Horvath
646-927-5544

February 13, 2018

**Via ECF**

Honorable Joseph F. Bianco, U.S.D.J.
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    <u>*Berger v. MFI Holding Corp. et al*, Case No. 2:17-cv-6728 (JFB) (ARL)</u>

Dear Judge Bianco:

This firm represents Michael Foods, Inc., the only defendant remaining in this action. We write to request a pre-motion conference regarding Michael Foods' intended motions to dismiss the First Amended Complaint (Dkt. 23) under Rule 12(b)(6) and, in the alternative, to strike allegations under Rule 12(f).

**I.    Motion to Dismiss for Failure to State a Claim on which Relief Can Be Granted**

    A.    <u>The Claim "Made with Real Butter" Is Not Deceptive as a Matter of Law</u>

Defendant Michael Foods produces heat-and-serve mashed potato products as part of its Simply Potatoes® product line. The Simply Potatoes packaging truthfully and accurately states that the mashed potatoes are "made with real butter and milk," and the FDA-mandated list of ingredients truthfully and accurately discloses that the products also contain margarine, among other ingredients. Berger's central allegation is that Michael Foods, by stating that the products are "made with real butter & milk," also makes an implied claim that the products contain no margarine. This allegation fails as a matter of law because no reasonable consumer would believe that, just because a product contains one ingredient, it must not also contain a different ingredient, especially when that ingredient is listed in the ingredient statement using its common and usual name.

To prove conduct is materially misleading as required under General Business Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). A court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). In so doing, courts take into account the entire context of the alleged misrepresentations, including disclaimers and other disclosures elsewhere on the packaging. *See Fermin v. Pfizer Inc.*, 215 F. Supp. 3d 209, 211-12 (E.D.N.Y. 2016). Although dismissal of false-advertising cases on this ground was once rare, a recent rash of meritless lawsuits has created a growing body of Rule 12 case law in this Circuit dismissing challenges to advertising

Honorable Joseph F. Bianco, U.S.D.J.
February 12, 2018
Page 2

claims because they would not deceive a reasonable consumer. *See, e.g., Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 292 (S.D.N.Y. 2017) (beer did not mislead reasonable consumers that it was of Japanese origin where its Canadian origin was clearly stated); *Mantikas v. Kellogg Co.*, No. 16-cv-2552, 2017 WL 2371183, at *4 (E.D.N.Y. May 31, 2017) (claim "made with whole grain" did not reasonably imply that the product was not also made with enriched white grain, where this was listed in ingredient statement); *Fermin*, 215 F. Supp. 3d at 211-12 (unused volume of pill bottle did not deceive consumers as to number of tablets where the table count was clearly disclosed on the bottle).

Berger's First Amended Complaint should be dismissed on the basis that no reasonable consumer would interpret the "made with real butter" claim on the Simply Potatoes product as an implied "made with no margarine" claim. The truthful highlighting of one ingredient does not reasonably imply the absence of a different ingredient, especially when all ingredients are properly disclosed in the ingredient statement. *See Mantikas*, 2017 WL 2371183 at *4-5. Berger's allegations about home cooking practices and internet recipes ignore the context of a consumer purchasing a ready-to-eat potato product, and provide no information relevant to a reasonable consumer acting reasonably under those circumstances.

Berger also attacks other words used on the Simply Potatoes packaging, such as "fresh" and "simply," but his allegations suffer from the same fatal defect. Simply Potatoes are truthfully and accurately labeled as made "using only real, fresh, never frozen potatoes," meaning that the potatoes are fresh (as opposed to frozen) when made into the product. Berger even admits that Michael Foods does not claim the final product is "fresh" (Dkt. 23, ¶ 39). Again, Berger ignores the clear statements on the product packaging and the fact the packaging must be viewed in the context of a reasonable consumer purchasing a prepared potato product.

Simply Potatoes products also truthfully and accurately promote the fact that they incorporate fewer ingredients and less processing than many other prepared potato products. A reasonable consumer acting reasonably under the circumstances evaluates words like "simply" – in this case, a trademarked brand that has existed for over 30 years – in the context of similar products, and does not compare refrigerated, prepared foods to home recipes.

Finally, the words and expressions challenged by Berger have nothing to do with the fact that Simply Potatoes contains margarine produced with genetic engineering, which also is clearly disclosed near the ingredient statement.

    B.    <u>The Elements of Fraud and Unjust Enrichment Are Not Pled or Supported with Factual Allegations</u>

Berger's fraud claim should be dismissed because Berger has not alleged facts that "give rise to a strong inference of fraudulent intent," *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997), by pleading facts to show that Michael Foods either had "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Berger's general and conclusory allegation that Michael Foods "intended for consumers to rely on its claims" does not meet this standard, especially given that no

Honorable Joseph F. Bianco, U.S.D.J.
February 12, 2018
Page 3

affirmative false ingredient claims are alleged, and that margarine is clearly disclosed as an ingredient.

Berger's claim for breach of implied warranty of merchantability must be dismissed because Berger does not allege that he purchased Simply Potatoes directly from any Defendant or suffered any personal injury. Absent privity of contract between Plaintiff and Defendant, a breach of implied warranty claim cannot be sustained except to recover for personal injuries. *See Weisblum v. Prophase Labs., Inc.*, 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015). The economic injuries alleged by Berger are not "personal injuries." *Kolle v. Mainship Corp.*, 2006 U.S. Dist. LEXIS 28956, at *16 (E.D.N.Y. Apr. 20, 2006) (holding "where only economic loss is alleged, implied warranties do not run to remote purchasers.").

The unjust enrichment claim should be dismissed because it is duplicative of the false advertising claims. An unjust enrichment claim is not available where it merely duplicates a contract or tort claim, which has been held to include GBL false-advertising claims. *See Weisblum*, 88 F. Supp. 3d at 296-97 (dismissing unjust enrichment claim that was duplicative of GBL claims); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (same).

II.     **Motion to Strike Class Allegations**

Berger's nationwide purported class definition is defective because the vast majority of putative class members, who neither reside in nor purchased Simply Potatoes in New York, would not have standing under sections 349 and 350 of the General Business Law. *In re Frito-Lay North America All Natural Litigation*, 12-MD-2413, 2013 WL 4647512, at *18-19 (E.D.N.Y. Aug. 29, 2013). The class allegation in Paragraph 67 of the First Amended Complaint should be stricken as to these counts. As to the common-law counts, under settled choice-of-law principles, the common-law claims of putative class members outside New York must lie under their own states' common laws. *Id.* at *19. "In the case of a class action, there must be a 'named plaintiff sufficient to establish jurisdiction over each claim advanced.'" *Stoltz v. Fage Dairy Processing Industry*, No. 14-cv-3826 (MKB), 2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015), quoting *Police & Fire Ret. Sys. of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 (2d Cir. 2013). There are no parties before the Court who allegedly have standing to assert claims under the common law of any state other than New York, and accordingly, Berger's nationwide purported class allegations should be stricken as to these counts also. *See Frito-Lay*, 2013 WL 4647512, at *19.

                                                Respectfully submitted,

                                                August T. Horvath

B4796387.2