Levin-Epstein & Associates, P.C.  
1 Penn Plaza, Suite 2527  
New York, NY 10119

212.792.0046 (t) 212.563.7108 (f)

joshua@levinepstein.com

February 25, 2018

Honorable Joseph F. Bianco  
United States District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY 11722

                Re:    Berger v. MFI Holding Corp. et al.  
                         Case No. 2:17-cv-06728 (JFB)(ARL)

Dear District Judge Bianco:

      On behalf of plaintiff, this letter is in response to defendant's letter of February 13, 2017 [Dkt. 23] requesting a pre-motion conference to seek dismissal of the first amended complaint ("FAC") under Fed. R. Civ. P. 12(b)(6) and to strikr.  For the reasons set forth below, such a conference is not necessary because defendant's arguments are without merit and premature.

      I.    <u>Defendant's Opposition Overlooks Factual Allegations Emphasizing the Butter-Margarine Relationship</u>

      Defendant states that the FAC must be dismissed because "The truthful highlighting of one ingredient does not reasonably imply the absence of a different ingredient, especially when all ingredients are properly disclosed in the ingredient statement."  Dkt. 24, p.2 citing *Mantikas*, 2017 WL 2371183 at *4-5.  However, the FAC provides detailed factual allegations about the unique butter-margarine relationship, which is more significant than any between whole grain and non-whole grain, providing support for the consumer to believe that "the presence of butter will mean the exclusion of margarine."  FAC, ¶ 21.

      These reasons include (i) margarine's invention "response to a butter shortage" "as a lower quality butter alternative," (ii) "functionally similar usages" when it comes to their effect on the "naturally dry texture" of potato products, (iii) the contrasting mouthfeel each imparts to a food, (iii) the up and down fortunes of each, relative to the other, in terms of per capita consumption since World War II, (iv) their place in different food categories – simple and nature as opposed to processed and artificial and (v) 171 recipes by ordinary consumers for mashed potatoes that include "butter or margarine" as opposed to 0 that include both.  FAC, ¶¶ 13, 15 18, 22, 32-33.

      Additionally, the other label elements – "real ingredients like milk and butter.  Finally, comfort food that you can feel comfortable with," "simple," and "Simply" – comprise "the entire mosaic" and reinforce the butter-only impression.  FAC, ¶¶ 6-7, 10-12; *Belfiore v. Procter & Gamble Company*, No. 14-cv-4090 (E.D.N.Y. Oct. 5, 2015).

1

The FAC adequately establishes that the presence of butter is an affirmative misrepresentation that the Products did not contain margarine. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008) ("We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception.").

However, this is no different from numerous cases where one positive claim is understood with a corresponding negative claim. *Briseno v. ConAgra Foods, Inc.*, No. 15-cv-55727, 2017 WL 53421 (9th Cir. Jan. 3, 2017) (rejecting defendant's claim that a reasonable consumer would consider the "100% Natural" label material and understand it to mean GMO-free"); *Segedie v. Hain Celestial Grp., Inc.*, No. 14-cv-5029, 2015 WL 2168374, at *14 (S.D.N.Y. May 7, 2015) ("It is not unreasonable as a matter of law to expect that a product labeled "natural" or "all natural" contains only natural ingredients.").

    II.    Defendant's Reliance on its Ingredient List to Disclaim is Insufficient at this Stage

Defendant concedes that its sole disclaimer is its ingredient list, in small font. Dkt. 24, p.2 ("especially when all ingredients are properly disclosed in the ingredient statement."). The authorities within this Circuit hold that "the presence of a disclaimer or other clarifying language *may* defeat a claim of deception." *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F.Supp.3d 467, 479-80 (S.D.N.Y. 2014) (emphasis in original); *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-cv-4427, 2014 WL 4773991, at *18 (E.D.N.Y. Sept. 24, 2014) (considering font size, placement, emphasis and consistency when evaluating whether a disclaimer is sufficient to prevent a reasonable consumer from being misled).

In contrast to the authorities relied upon by defendant, the disclaimer on the Products here is the solitary word, "margarine" on the ingredient list, in size 4 font. *Fermin v. Pfizer Inc.*, 215 F. Supp. 3d 209, 212 (E.D.N.Y. 2016) (total pill-count was "clearly stated" on the front of the package, making it "impossible to view the products without also reading the total number of pills contained in each package."); *Mantikas v. Kellogg Co.*, No. 16-cv-2552, 2017 WL 2371183, at *4 (E.D.N.Y. May 31, 2017) (contrary to plaintiff's argument that defendant relied upon the "small print on the side of the box" to correct the allegedly misleading "MADE WITH WHOLE GRAIN" claim, the front label "conspicuously states that the Crackers are made with either five (5) or eight (8) grams of whole grain per serving"); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 292 (S.D.N.Y. 2017) (concluding that in light of the alleged misrepresentations, defendant's "standalone statement" which clearly and accurately disclosed where the beer was brewed, no reasonable consumer would be misled).

    III.    Fraud is Satisfied and Based on Defendant's Knowledge of Consumer Beliefs

Defendant misreads the FAC, which grounds the fraud claim apart from the butter/margarine and "Simply" claims. Dkt. 24, p.2 ("no affirmative false ingredient claims are alleged, and that margarine is clearly disclosed as an ingredient."). Instead, the FAC states clearly that the statements that the Products are "made with" and "made from" "fresh potatoes" constitute fraud because defendant knows that "83% of consumers believe refrigerated potatoes are fresh,"

despite the Products being highly processed and laden with chemical preservatives.  FAC, ¶¶ 39-42, 97-106.  "2014SimplyPotatoesDigitalBrochurePOT100."

      This document shows defendant was well-informed that the consuming public mistakenly believes refrigerated potato products to be "fresh," understood as not subjected to a processing or preservation step after it first became consumable.  Yet despite this knowledge, defendant heavily relies upon the term "Fresh" ("Made from Fresh Potatoes"), never going so far as to deem the Products "fresh," but far enough so that consumers will persist in believing something which is not true.  FAC, ¶¶ 44-47.

      Defendant's intent is evinced by its opportunity to commit fraud and their "conscious misbehavior or recklessness," in furthering the mistaken beliefs of its customers.  *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994); *Plumbers & Steamfitters Local 137 Pension Fund v. American Express Co.*, No. 15-cv-5999, 2017 WL 4403314, at *4 (S.D.N.Y. Sept. 30, 2017) ("Where the alleged conduct is an omission, "conscious recklessness" means defendants must have "acted with at least a reckless disregard of a known or obvious duty to disclose.").

      IV.    Motion to Strike Class Allegations is Premature at Pleading Stage

      Defendant's motion to strike the nationwide class claims are premature since the issues it raises are the same as the ones that would be decided in a class-certification motion.  *Motta v. Glob. Contract Servs. Inc.*, No. 15-cv-8555, 2016 WL 2642229, at *5 (S.D.N.Y. May 4, 2016).  Moreover. Motions to strike at this stage are disfavored because they obviate the possibility of class certification before class discovery is completed. *Gitman v. Pearson Educ., Inc.*, No. 14-cv-8626, 2015 WL 5122564, at *3 (S.D.N.Y. Aug. 31, 2015).

      Similarly, whether material differences between state laws render the proposed nationwide class unmanageable "is not independent of the class certification inquiry" and should not be analyzed prior to that stage of the litigation. *Bank v. Am. Home Shield Corp.*, No. 10-CV-4014, 2013 WL 789203, at *3 (E.D.N.Y. Mar. 4, 2013); *see also Gold v. Lumber Liquidators, Inc.*, No. 14-cv-0537, 2015 WL 7888906, at *14 (declining to address choice-of-law analysis at motion-to-dismiss stage) (N.D. Cal. Nov. 30, 2015).

      For all the above reasons, defendant's motion will not succeed.  Thank you.

                                                          Respectfully submitted,

                                                         /s/ Joshua Levin-Epstein
                                                         Joshua Levin-Epstein