EXHIBIT A

17-2011
*Mantikas, et al. v. Kellogg Company*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2017

(Submitted: May 4, 2018        Decided: December 11, 2018)

Docket No. 17-2011

_____

KRISTEN MANTIKAS, KRISTIN BURNS, and LINDA CASTLE, individually and on behalf of all others similarly situated,

*Plaintiffs-Appellants*,

v.

KELLOGG COMPANY,

*Defendant-Appellee*.
_____

Before:

LEVAL, SACK, and DRONEY, *Circuit Judges*.

    Plaintiffs appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *J.*) granting Defendant's motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs, consumers who purchased Cheez-It crackers labeled "whole grain" or "made with whole grain," filed a class action complaint against Defendant, Kellogg Company, alleging that the whole grain labels were false and misleading in violation of New York and California consumer protection laws. Plaintiffs alleged that the whole grain labels falsely communicated to consumers that the grain in whole grain Cheez-Its was predominantly whole grain, when in fact the primary grain ingredient was enriched white flour. The district court held that the whole grain labels would not mislead a reasonable consumer, and therefore

1

17-2011
*Mantikas, et al. v. Kellogg Company*

dismissed Plaintiffs' complaint for failure to state a claim. Held, the district court erred in dismissing Plaintiffs' complaint because, under the proper standards for reviewing a motion to dismiss pursuant to Rule 12(b)(6), Plaintiffs plausibly alleged that the whole grain labels would lead a reasonable consumer to believe, incorrectly, that the grain in whole grain Cheez-Its was wholly or predominantly whole grain. VACATED and REMANDED.

MICHAEL R. REESE, George V. Granade, Reese LLP, New York, N.Y., *for Plaintiffs-Appellants*.

KENNETH K. LEE, Christina A. Aryafar, Jenner & Block LLP, Los Angeles, CA, Dean N. Panos, Jenner & Block LLP, Chicago, IL, Kelly M. Morrison, Jenner & Block LLP, Washington D.C. *for Defendant-Appellee*

LEVAL, *Circuit Judge*:

Plaintiffs Kristen Mantikas, Kristin Burns, and Linda Castle ("Plaintiffs") appeal from a judgment entered on August 21, 2017 in the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *J.*), granting Defendant Kellogg Company's motion to dismiss Plaintiffs' complaint for failure to state a claim, as provided in Fed. R. Civ. P. 12(b)(6). Plaintiffs are residents of New York and California who purchased Defendant's Cheez-It crackers that were labeled "whole grain" or "made with whole grain." They filed a class action complaint (the "Complaint") against

1  Defendant alleging that the whole grain labels were false and misleading in

2  violation of New York and California consumer protection laws. They alleged

3  that such labeling would cause a reasonable consumer to believe that the

4  grain in whole grain Cheez-Its was predominantly whole grain, when, in fact,

5  it was not. The primary grain content was enriched white flour. The district

6  court dismissed the Complaint pursuant to Rule 12(b)(6). It held that the

7  whole grain labels would not mislead a reasonable consumer, and that

8  Plaintiffs therefore failed to state a claim.

9  　　　We conclude that the district court erred in dismissing Plaintiffs'

10  complaint. Reviewed under the proper standards for a Rule 12(b)(6) motion,

11  the Complaint plausibly alleged that a reasonable consumer would be misled

12  by Defendant's whole grain labels to believe that the grain in whole grain

13  Cheez-Its was predominantly whole grain. Accordingly, we vacate the

14  judgment of the district court and remand for further proceedings.

15  　　　　　　　　　　　　　　**BACKGROUND**

16  　　　The Complaint alleges as follows. Defendant produces Cheez-It

17  crackers and sells the brand in a variety of flavors, including "original" and

18  "whole grain." During the relevant time period, Defendant packaged and

17-2011
*Mantikas, et al. v. Kellogg Company*

sold the "whole grain" variety in two boxes, each with slightly different labeling. One version contained the words "WHOLE GRAIN" in large print in the center of the front panel of the box, and "MADE WITH 5G OF WHOLE GRAIN PER SERVING" in small print on the bottom. The other version contained the words "MADE WITH WHOLE GRAIN" in large print in the center of the box, with "MADE WITH 8G OF WHOLE GRAIN PER SERVING" in small print on the bottom. Both versions also contained a "Nutrition Facts" panel on the side of the box, which revealed in much smaller print that a serving size of the snack was 29 grams and that the first ingredient on the ingredients list was "enriched white flour." "Whole wheat flour" was listed on the ingredients list as either the second or third ingredient. As required by federal regulation, the ingredients were listed in order of their predominance, with the primary ingredient listed first. *See* 21 C.F.R § 101.4 (generally requiring ingredients to be listed "in descending order of predominance by weight").

17-2011
*Mantikas, et al. v. Kellogg Company*

 

1

2

3    Plaintiffs purchased one or both versions of the Cheez-Its labeled

4    "WHOLE GRAIN," believing on the basis of that label that the grain content

5    was predominantly whole grain. Contrary to their belief, however, the grain

6    content was not predominantly whole grain, but rather enriched white flour.

7    Plaintiffs assert that they would not have purchased the crackers had they

8    known that the grain content was not predominantly whole grain.  Plaintiffs

9    filed the Complaint in the United States District Court for the Eastern District

10   of New York, asserting claims for false advertising and deceptive business

11   practices in violation of New York and California consumer protection laws,[1]

---

[1] In particular, Plaintiffs asserted claims for "deceptive acts or business practices in the conduct of any business" in violation of N.Y. Gen. Bus. Law § 349(a), "[f]alse advertising in the conduct of any business" in violation of N.Y. Gen. Bus. Law § 350, "unlawful, unfair or fraudulent business act or practice"

5

as well as for unjust enrichment under Michigan law. They sought declaratory and injunctive relief, as well as monetary damages, on behalf of a putative class of all persons residing in the United States and its territories who purchased whole grain Cheez-Its since May 19, 2010.

Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(6). It argued that the "MADE WITH WHOLE GRAIN" version of the Cheez-Its packaging was not false and misleading, because that statement was factually accurate and, in addition, was qualified by the more detailed "MADE WITH 8G OF WHOLE GRAIN PER SERVING" label. Defendant did not specifically address whether the "WHOLE GRAIN" version of the packaging was false and misleading. Defendant also argued that Plaintiffs' claims were preempted by federal law, that Plaintiffs failed to state a claim for unjust enrichment under Michigan law, and that Plaintiffs lacked standing to pursue injunctive relief because they failed to allege any likelihood of continuing or future harm.

---

in violation of Cal. Bus. & Prof. Code § 17200, "false or misleading advertising" in violation of Cal. Bus. & Prof. Code § 17500, and a claim for injunctive relief under Cal. Civ. Code § 1750. [A27-35]

The district court granted Defendant's motion. It held, first, that both the "MADE WITH WHOLE GRAIN" and "WHOLE GRAIN" labels would not mislead a reasonable consumer, because both statements were true and were qualified by further accurate language detailing the number of grams of whole grain per serving. The court dismissed Plaintiffs' Michigan law unjust enrichment claim for lack of standing, a ruling which Plaintiffs do not appeal. Finally, the court concluded that, because Plaintiffs failed to show that the packaging was misleading, they could not demonstrate injury and therefore lacked standing to pursue injunctive relief. Having dismissed the Complaint on other grounds, the district court expressly did not consider Defendant's alternative argument that Plaintiffs' state law claims were preempted by federal law. The district court granted Plaintiffs leave to amend. Plaintiffs instead requested a final judgment, which the court entered on August 21, 2017. Plaintiffs brought this appeal.

## DISCUSSION

We review de novo the grant of a motion to dismiss pursuant to Rule 12(b)(6), accepting the factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiffs' favor. *Fink v. Time Warner*

1  *Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013). "To survive a motion to dismiss, a

2  complaint must contain sufficient factual matter, accepted as true, to state a

3  claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

4  (2009) (internal quotation marks omitted).

5        To state a claim for false advertising or deceptive business practices

6  under New York or California law, a plaintiff must plausibly allege that the

7  deceptive conduct was "likely to mislead a reasonable consumer acting

8  reasonably under the circumstances." *Fink*, 714 F.3d at 741 (citing *Freeman v.*

9  *Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); *Oswego Laborers' Local 214 Pension*

10 *Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995). "[I]n determining

11 whether a reasonable consumer would have been misled by a particular

12 advertisement, context is crucial." *Id.* at 742. We therefore consider the

13 challenged advertisement as a whole, including disclaimers and qualifying

14 language. *See Fink*, 714 F.3d at 742 ("[U]nder certain circumstances, the

15 presence of a disclaimer or similar clarifying language may defeat a claim of

16 deception."); *Freeman*, 68 F.3d at 289–90.

17       The district court held that Plaintiffs failed to state a claim for relief

18 because, in the context of the entire Cheez-Its packaging, a reasonable

consumer would not be misled by the whole grain representations. The court relied on the fact that although the Cheez-Its boxes were conspicuously labeled "WHOLE GRAIN" and "MADE WITH WHOLE GRAIN," the boxes accurately displayed, on the front panel, the precise number of grams of whole grain per serving ("MADE WITH 5G [OR 8G] OF WHOLE GRAIN PER SERVING"). The court reasoned that because the crackers in fact contained whole grain, and because the front of each box clarified exactly *how much* whole grain was in the product, a reasonable consumer was not likely to believe that the crackers were made of predominantly whole grain. *Mantikas v. Kellogg*, No. 16-cv-2552, 2017 WL 2371183, at *4-5 (E.D.N.Y. May 31, 2017). After all, the court emphasized, "a reasonable consumer would not be misled by a product's packaging that states the exact amount of the ingredient in question." *Id.* at 4.

Although the district court is correct that an allegedly misleading statement must be viewed "in light of its context on the product label or advertisement as a whole," *id.* at 3 (quoting *Belfiore v. Proctor & Gamble Co.*, 311 F.R.D. 29, 53 (E.D.N.Y. 2015)), the court misapplied that principle to Plaintiffs' claims in this case. Plaintiffs' core allegation is that the statements

9

"WHOLE GRAIN" and "MADE WITH WHOLE GRAIN" are misleading because they communicate to the reasonable consumer that the grain in the product is predominantly, if not entirely, *whole* grain. Contrary to the reasonable expectations communicated by the large, bold-faced claims of "WHOLE GRAIN," however, the grain in the product is predominantly enriched white flour. While the disclosures on the front of the box relied on by the district court ("MADE WITH 5G [OR 8G] OF WHOLE GRAIN PER SERVING") do set forth accurately the *amount* of whole grain in the crackers per serving, they are nonetheless misleading because they falsely imply that the grain content is entirely or at least predominantly whole grain, whereas in fact, the grain component consisting of enriched white flour substantially exceeds the whole grain portion.

Defendant contends that a reasonable consumer still would not be deceived by the "WHOLE GRAIN" claims, because the side panel of the packaging discloses further detail about the product's ingredients. Specifically, the Nutrition Facts panel reveals that a serving size of Cheez-Its is 29 grams and the list of ingredients names "enriched white flour" as the first (and thus predominant) ingredient. Neither of these disclosures cures the

deceptive quality of the "WHOLE GRAIN" claims as alleged by Plaintiffs.

First, the specification that 29 grams is the total weight of a serving does not adequately dispel the inference communicated by the front of the package that the grain in "whole grain" crackers is predominantly whole grain because it does not tell what part of the 29-gram total weight is grain of any kind. Such serving size information clarifies the amount of whole grain as a proportion of a total serving, but it does not indicate the ratio of whole grain to white flour.

Moreover, we cannot conclude that these disclosures on the side of the box render Plaintiffs' allegations of deception implausible. "[R]easonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008). "Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that *confirms* other representations on the packaging." *Id.* at 939-40 (emphasis added). We conclude that a reasonable consumer should not be expected to consult the Nutrition Facts panel on the side of the box to correct misleading

information set forth in large bold type on the front of the box. Plaintiffs plausibly allege that the Nutrition Facts panel and ingredients list on whole grain Cheez-Its—which reveals that enriched white flour is the predominant ingredient—contradict, rather than confirm, Defendant's "whole grain" representations on the front of the box.

Defendant points us to several district court decisions, each dismissing a case on the pleadings, in which consumers alleged that food product labels asserting that the food was "made with" various ingredients misled them to believe that the stated ingredient was the dominant, or at least a major, ingredient. Those cases differ materially from ours because of the form of deception alleged. In most of those cases, plaintiffs claimed that a product label was deceptive because it led consumers to believe, incorrectly, the product contained a significant quantity of a particular ingredient. *See, e.g., Chuang v. Dr. Pepper Snapple Grp., Inc.*, No. CV 17-01875, 2017 WL 4286577, at *2 (C.D. Cal. Sept. 20, 2017) (allegation that the packaging misled consumers to believe that the products "contain more fruit and vegetable content than they really do"); *Workman v. Plum, Inc.*, 141 F. Supp. 3d 1032, 1034 (N.D. Cal. 2015) (allegation that the packaging was misleading for implying that the

pictured ingredients were the most prominent); *McKinniss v. Sunny Delight Beverages Co.*, No. CV 07-02034, 2007 WL 4766525, at *3 (C.D. Cal. Sept. 4, 2007) (allegation that a product label misleadingly communicated that a beverage contained "substantial amounts of fruit"). In contrast, our Plaintiffs allege that the labelling of whole grain Cheez-Its is deceptive because it implies that, of the grain content in the product, most or all of it is whole grain, as opposed to less nutritious white flour.

In addition, in most of the cases Defendant cites, plaintiffs alleged they were misled about the quantity of an ingredient that obviously was not the products' primary ingredient. For example, in *Red v. Kraft Foods, Inc.*, plaintiffs claimed they were misled by the label "made with real vegetables" to believe that the crackers contained a larger amount of vegetables than they in fact did. No. CV 10-1028, 2012 WL 5504011, at *2 (C.D. Cal. Oct. 25, 2012). The court observed that a reasonable consumer would not be misled by the representation, because such a consumer would "be familiar with the fact of life that a cracker is not composed of primarily fresh vegetables." *Id.* at *2-3; *see also Manchouck v. Mondelez Int'l Inc.*, No. CV 13-02148, 2013 WL 5400285, at *2 (N.D. Cal. Sept. 26, 2013) (dealing with a similar claim involving labeling of

13

cookies asserting that they were made with "real fruit"); *Henderson v. Gruma Corp.*, No. CV 10-04173, 2011 WL 1362188, at *12 (C.D. Cal. Apr. 11, 2011) (involving a packaging claim that a vegetable dip was made "With Garden Vegetables").

In our case of Cheez-Its crackers, in contrast, reasonable consumers are likely to understand that crackers are typically made predominantly of grain. They look to the bold assertions on the packaging to discern what *type* of grain. The representation that a cracker is "made with whole grain" would thus plausibly lead a reasonable consumer to conclude that the grain ingredient was entirely, or at least predominately, whole grain. That same consumer, confronted with the claim that a cracker is "made with real vegetables," likely would not likely conclude that the cracker was made predominantly of vegetables.

Moreover, the rule that Defendant contends emerges from these district court decisions—that, as a matter of law, it is not misleading to state that a product is made with a specified ingredient if that ingredient is in fact present—would validate highly deceptive advertising and labeling. Such a rule would permit Defendant to lead consumers to believe its Cheez-Its were

1   made of whole grain so long as the crackers contained an iota of whole grain,

2   along with 99.999% white flour. Such a rule would validate highly deceptive

3   marketing.

4       We conclude that Plaintiffs, as required to survive a Rule 12(b)(6)

5   motion to dismiss, "state a claim to relief that is plausible on its face." *Iqbal*,

6   556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads

7   factual content that allows the court to draw the reasonable inference that the

8   defendant is liable for the misconduct alleged." *Id.* Plaintiffs have adequately

9   alleged such factual content. They allege that the conspicuous "WHOLE

10  GRAIN" and "MADE WITH WHOLE GRAIN" claims on the front and center of

11  the Defendant's packaging communicates to the reasonable consumer the

12  false message that the grain content of the crackers is exclusively, or at least

13  predominately whole grain; that this false message is not dispelled by the

14  information that each cracker is "MADE WITH 8G [OR 5G] G OF WHOLE GRAIN

15  PER SERVING," which fails to communicate that the quantity of enriched white

16  flour exceeds the quantity of whole grain; and that the misleading quality of

17  the message is not effectively cured by implicitly disclosing the predominance

18  of enriched white flour in small print on an ingredients list on the side of the

15

package. These are sufficient factual allegations to state a claim that Defendant's conduct was, plausibly, deceptive. A reasonable consumer would likely be deceived by the labeling alleged in the complaint. The district court's conclusion to the contrary was error.[2]

## CONCLUSION

The judgment of the district court in favor of Defendant is VACATED, and the case is REMANDED for further proceedings.

---

[2] Because the district court's holding that Plaintiffs were not entitled to injunctive relief was premised entirely on its conclusion that Plaintiffs had failed to state a claim that the packaging was deceptive, we vacate that holding. *Mantikas*, 2017 WL 2371183, at *7 ("As Plaintiffs have failed to demonstrate that the Crackers' packaging was deceptive, they are unable to demonstrate that they have suffered an injury in fact."). The district court did not discuss Defendant's argument that Plaintiffs lacked standing to pursue injunctive relief because they failed to allege a likelihood of continuing or future harm, and we decline to address it in the first instance on appeal. For the same reason, we do not address Defendant's argument that Plaintiffs' claims are preempted by federal law.