Sheehan & Associates, P.C.

505 Northern Boulevard, Suite 311, Great Neck, NY 11021
tel. 516.303.0552
fax 516.234.7800
spencer@spencersheehan.com

July 9, 2019

District Judge Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   2:17-cv-06728-RRM-ARL
      Berger v. Michael Foods, Inc.

Dear District Judge Mauskopf:

This office represents the plaintiff in the above action. In accordance with your Honor's Individual Rules, plaintiff requests a pre-motion conference to amend a pleading pursuant to Fed. R. Civ. P. 15(a)(2). Section III(A)(2) ("Pre-Motion Conferences in Civil Cases").

Plaintiff's motion will request leave to file a second amended complaint ("SAC") and to join plaintiffs from additional states, pursuant to Rules 15(a)(2) and 20(a) of the Federal Rules of Civil Procedure, and within the timeframe of the scheduling order issued by Magistrate Judge Lindsay, setting August 29, 2019 as the deadline for motions for joinder of additional parties or amendments of pleadings.

In deciding whether to permit joinder, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Pickett v. MIGOS TOURING, INC.*, 1:18-cv-09775 (AT)(SDA) (S.D.N.Y. Mar. 20, 2019) quoting *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011); *see also* Amaya v. Roadhouse Brick Oven Pizza, Inc., 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("There is . . . little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion.").

The joinder of plaintiffs from other states is consistent with Fed. R. Civ. P. 20, allowing joinder if the parties to be joined "assert any right to relief jointly, severally, or in the alternative with respect to" the same representations of the named plaintiff. Rule 20(A)-(B). The requirements for joinder are "interpreted liberally to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61 (S.D.N.Y. 2006).

The plaintiffs to be joined should the Court grant leave only sharpen the focus on the substantive issues – whether the conduct challenged was misleading under the consumer protection laws of the separate states. Defendant will not be prejudiced because this action was commenced as a proposed class action, and the additional plaintiffs do not change that. The new plaintiffs have come forward following the Court's decision on defendant's motion to dismiss. ECF No. 34, March 28, 2019.

The substantive factual amendment plaintiff intends to add relates to the presence of ingredients in the Products which contribute to the impression that they contain more of the

characterizing ingredient, butter, than they do. Specifically, this is the "artificial flavor" component of the margarine, which is a flavor designed to simulate butter. The reason this amendment is being requested now is that counsel has recently become aware of this practice by producers of margarine.

There will be no burden of additional discovery on defendant because the materials to be produced for the new plaintiffs are the same as those required by the named plaintiff. *United States v. Cont'l Ill. Nat. Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989) ("Where the burden of additional discovery on the nonmoving party is small and not disadvantageous, courts generally grant motions to amend."); *Lawrence v. Starbucks Corp.*, No. 08 Civ. 3734, 2009 WL 4794247, at *4 (S.D.N.Y. Dec. 10, 2009).

Plaintiff's counsel has sought opposing counsel's consent prior to the filing of this pre-motion conference request. Defendant's counsel stated:

> Defendant Michael Foods consents to the amendment from a procedural standpoint, but does not waive any objection to the propriety of the substantive amendments in the Proposed Second Amended Complaint. In particular, Michael Foods expressly reserves its right to move to dismiss or strike the amended portions of the complaint on substantive, jurisdictional, or any other grounds.

Whether the above language permits plaintiff to file the second amended complaint on consent or requires leave of Court, plaintiff is uncertain. Given that the filing of any amended complaint has no effect on the waiving of any objections, it would appear unnecessary to so state. Nevertheless, should the Court approve plaintiff's request to make a motion to amend the complaint and join parties, plaintiff will do so. Should plaintiff be informed by defendant, following this pre-motion request, that plaintiff may file the SAC, plaintiff will file it with the Court, obviating the need for the Court's decisions. Thank you.

Respectfully submitted,

/s/ Spencer Sheehan
Spencer Sheehan

Certificate of Service

I certify that on July 9, 2019, I served the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendant's Counsel | ☐ | ☐ | ☒ |

/s/ Spencer Sheehan
Spencer Sheehan