

1301 Avenue of the Americas
25th Floor
New York, NY 10019

646.927.5500 main
646.927.5599 fax

August T. Horvath
646-927-5544

July 17, 2019

**Via ECF**

Honorable Roslynn R. Mauskopf, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Berger v. MFI Holding Corp.*, Case No. 2:17-cv-6728 RRM-ARL

Dear Judge Mauskopf:

This firm represents Michael Foods, Inc., ("Michael Foods"), the remaining defendant in this action. We write in response to the Court's request (Dkt. 42) that we set forth the legal and factual bases on which Michael Foods intends to rely to oppose plaintiff's proposed motion for leave to amend and join additional parties (Dkt. 41).

To clarify, Michael Foods does not oppose Plaintiff's request to amend. As stated in the paragraph that Michael Foods provided Plaintiff to be included in his motion as a condition of its consent, Michael Foods consents to the amendment procedurally, but wishes to preserve all objections and defenses as to the substance of any amendments. Specifically, Michael Foods reserves its right to move to dismiss or strike any newly-pled causes of action or significant legal theories not already considered by Judge Bianco, of which Michael Foods expects there will be several.

Michael Foods believes, based on Plaintiff's pre-motion conference letter and recent amendments of complaints by Plaintiff's counsel in other cases (e.g., *Sarr v. BEF Foods*, Case No. 1:18-cv-06409-ARR-RLM (E.D.N.Y.) (Dkt. 10); *Miller v. Schwan's Co.*, Case No. 3:19-cv-00501-TJC-JBT (M.D. Fl.) (Dkt. 73-1)) that Plaintiff intends to add as many as 10 to 12 representative plaintiffs to the caption of this case, from 10 to 12 other U.S. Districts, alleging violations of 8 to 10 different states' statutory and common laws.

None of these out-of-District causes of action were ruled on by Judge Bianco in denying, in part, Michael Foods' Rule 12(b)(6) motion, which addressed only New York Plaintiff Berger and New York law. Dkt. 34. Therefore Plaintiff's proposed amendment will, at a minimum, occasion a new motion to dismiss, which will have to address claims under 10 to 12 state deceptive practices statutes and three to four common-law causes of action for each state, for a total of approximately 40 to 50 new causes of action.

In addition, Michael Foods will move against the addition of out-of-District plaintiffs on jurisdictional grounds, following cases in which courts in this District have ruled that the Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Court of California, San*

*Francisco County*, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017), applies also to U.S. District Courts adjudicating class actions brought under state laws. *See In re Dental Supplies Antitrust Litig.,* 2017 U.S. Dist. LEXIS 153265, at *37 (E.D.N.Y. Sep. 20, 2017) (dismissing class action for failure to allege a direct connection between the forum and the specific claims). Michael Foods is an out-of-state party with its headquarters and place of business in Minnesota, and the claims of the expected out-of-state plaintiffs are based on transactions that have no connection with New York or with this District.

Michael Foods anticipates also that Plaintiff may introduce new legal theories of how class members allegedly were deceived, perhaps involving packaging and marketing elements not previously alleged to be deceptive. Any such theories will not have been reviewed by Judge Bianco under the requirement that, to plead conduct that is materially misleading as required under General Business Law §§ 349 and 350, a plaintiff must allege plausibly that "a reasonable consumer acting reasonably under the circumstances" would be misled. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013); *Chen v. Dunkin' Brands, Inc.*, No. 17-cv-3808-CBA-RER (E.D.N.Y. Sept. 17, 2018) (Dkt. 23, Order on Motion to Dismiss) (reasonable consumer would not understand "Angus steak" sandwich to contain an intact piece of Angus cattle meat); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 292 (S.D.N.Y. 2017) (beer did not mislead reasonable consumers that it was of Japanese origin where its Canadian origin was clearly stated); *Fermin*, 215 F. Supp. 3d at 211-12 (unused volume of pill bottle did not deceive consumers as to number of tablets where the table count was clearly disclosed on the bottle).

Michael Foods' only purpose in limiting its consent to the procedural aspects of Plaintiff's amendment, as set forth in the language included in Plaintiff's motion, is to avoid the appearance or any argument that Michael Foods has waived any substantive or jurisdictional defenses, or in any way conceded that the particular amendments planned by Plaintiff are proper. So far as Michael Foods is aware, its position is understood by Plaintiff, so there is no dispute between the parties as to their agreement that Plaintiff may amend his Complaint, but that Michael Foods will likely move under Rule 12 against at least some of the amendments.

After reviewing Plaintiff's motion, Michael Foods would like to correct any impression that Plaintiff does not contemplate a dramatic escalation of the size of this case. Should these out-of-District plaintiffs' claims survive Michael Foods' motions to dismiss on jurisdictional and substantive grounds, they will require considerable additional discovery, contrary to Plaintiff's representation that "the materials produced for the new plaintiffs are the same as those required by the named plaintiff." Dkt. 41. That may be true of the discovery sought by Plaintiff from Michael Foods, but all of these new plaintiffs will have to respond to discovery relating to their typicality and adequacy as representative plaintiffs, including information about their purchases of the products at issue, their understanding of the relevant advertising and marketing claims, which of the theories of deception advanced in Plaintiff's Amended Complaint they claim they were subject to. All representative plaintiffs will have to be deposed, with attendant expenses, and several are likely to be from distant states. In sum, even assuming that any evidence of Michael Foods' alleged wrongdoing that serves as the basis for the Complaint allegations is solely in the hands of Plaintiff's counsel and not of any Plaintiff, discovery of Plaintiffs will be increased by a factor of at least five as a result of this amendment.

If new legal theories are added, relating to additional Michael Foods packaging or marketing claims, this is also likely to expand the substantive scope of discovery that Plaintiff will request from Michael Foods.

   Michael Foods is prepared, if necessary, to defend against these anticipated new representative Plaintiffs, new causes of action under new statutes in new jurisdictions, newly challenged marketing claims, and new legal theories of deception, and does not object to Plaintiff's proposed amendment even though Michael Foods expects that it will dramatically expand the scope of this case. The Amended Complaint may, however, have implications for the discovery schedule previously agreed to by the parties and ordered by the Court (Dkt. 39).

                 Respectfully submitted,

                  August T. Horvath