

1301 Avenue of the Americas
25th Floor
New York, NY 10019

646.927.5500 main
646.927.5599 fax

August T. Horvath
646-927-5544

August 23, 2019

**Via ECF**

Honorable Roslynn R. Mauskopf, U.S.D.J.
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    <u>Berger v. MFI Holding Corp. et al</u>, Case No. 2:17-cv-6728 (RRM) (ARL)

Dear Judge Mauskopf:

      This firm represents Defendant Michael Foods, Inc.  We write to request a pre-motion conference regarding Michael Foods' intended motion to dismiss the Second Amended Complaint (Dkt. 44) under Rule 12(b)(6) and, in the alternative, to strike under Rule 12(f).

      A.    <u>The Claim "Made with Real Butter" Is Not Deceptive as a Matter of Law</u>

      Defendant Michael Foods produces heat-and-serve mashed potato products as part of its Simply Potatoes® product line.  The Simply Potatoes packaging truthfully and accurately states that the mashed potatoes are "made with real butter and milk," and the FDA-mandated list of ingredients truthfully and accurately discloses that the products also contain margarine, among other ingredients.  Berger's central allegation is that Michael Foods, by stating that the products are "made with real butter & milk" also makes an implied claim that the products contain no margarine.  This allegation fails as a matter of law, because no reasonable consumer would believe that, when a product contains one ingredient, it must not also contain a different ingredient, especially when that ingredient is listed in the ingredient statement under its common and usual name.

      In the Second Amended Complaint, Berger introduces at least six new theories:  (1) that the visual depiction of a "pat" of butter on the product packaging implies the presence of a specific amount of butter (Dkt. 44 ¶¶ 62-65); (2) that the usage of "fresh" implies that what are obviously pre-cooked, packaged, refrigerated mashed potatoes are, in fact, raw, uncooked potatoes (¶ 69) and/or are prepared just before the consumer buys them (¶ 80); (3) that the use of the phrase "simply potatoes" is interpreted by consumers to mean the same thing as "merely or just potatoes" (¶¶ 89-90); (4) that consumers do not expect a "simple" product, that is truthfully labeled to contain margarine, to contain GMOs, when margarine is allegedly made from GMOs; (5) that the ingredient statement on the product is misleading as to the relative proportion of butter and vegetable oils (¶¶ 96-108); and (6) that the disclosure of artificial flavor on the ingredient list and not the front label deceives consumers into thinking that the butter flavor is from butter, which is actually in the Products, even though there is no claim that the

artificial flavor is butter-flavored (¶¶ 111-115).  None of these theories posits a plausible interpretation by a reasonable consumer of Michael Foods' packaging and label statements.

To prove conduct is materially misleading as required under New York General Business Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled.  *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015).  A court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer.  *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).  In so doing, courts take into account the entire context of the alleged misrepresentations, including disclaimers and other disclosures elsewhere on the packaging.  *See Fermin v. Pfizer Inc.*, 215 F. Supp. 3d 209, 211-12 (E.D.N.Y. 2016).  A recent rash of meritless lawsuits has created a growing body of Rule 12 case law in this Circuit dismissing challenges to advertising claims because they would not deceive a reasonable consumer.  *See, e.g., Reyes v. Crystal Farms Refrigerated Distrib. Co.*, No. 18-cv-2250, 2019 U.S. Dist. LEXIS 125971, at *8-16 (E.D.N.Y. July 26, 2019); *Chen v. Dunkin' Brands, Inc.*, No. 17-cv-3808-CBA-RER (E.D.N.Y. Sept. 17, 2018) (Dkt. 23, Order on Motion to Dismiss) (reasonable consumer would not understand "Angus steak" sandwich to contain an intact piece of Angus cattle meat); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 292 (S.D.N.Y. 2017) (beer did not mislead consumers that it was of Japanese origin where its Canadian origin was clearly stated); *Fermin*, 215 F. Supp. 3d at 211-12 (unused volume of pill bottle did not deceive consumers as to number of tablets where table count was disclosed on the bottle).

Berger's Complaint should be dismissed on the basis that no reasonable consumer would interpret any of Michael Foods' packaging representations in the way Plaintiff contends.  Berger ignores the clear statements on the product packaging and the fact the packaging must be viewed in the context of a reasonable consumer purchasing a prepared potato product.  Moreover, Judge Garaufis in this District recently considered, and dismissed, a closely similar case, alleging that a "made with real butter" claim on a similar mashed potato product implied the presence of no other facts in the product.  *Reyes*, 2019 U.S. Dist. LEXIS 125971, at *8-11.

  B. <u>The Court Has No Personal Jurisdiction over the Newly Added Out-of-State Plaintiffs and Should Dismiss Their Claims</u>

Berger's Second Amended Complaint adds 2 new out-of-state Plaintiffs in 2 new U.S. Districts, while seeking relief under the state deceptive-practices and common laws of 50 new states (including District of Columbia).  Dkt. 44 ¶¶ 134-147.  Plaintiffs now purport to represent a nationwide class or subclasses under no less than 51 state statutes listed in ¶ 156.  No representative plaintiff is named for 48 of the states in which violations are alleged.  *Id.* ¶ 140.  Berger identifies an additional 44 "Jane Doe" plaintiffs, who lack standing as imaginary beings, and does not specify which of the 48 remaining states these imaginary plaintiffs represent.  Finally, Defendant Michael Foods is conceded to be located in Minnesota, but no connection between the injuries of the out-of-state Plaintiffs and this State or District is alleged.  *Id.* ¶ 142.

Under the Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017), a New York court would lack personal jurisdiction over Michael Foods as to claims brought on behalf of plaintiffs who are

Honorable Roslynn R. Mauskopf, U.S.D.J.
August 23, 2019
Page 3

neither New York residents nor suffered their alleged injuries in New York.  Courts in this District have ruled that the logic of *Bristol-Myers* applies also to U.S. District Courts adjudicating class actions brought under state laws.  *In re Dental Supplies Antitrust Litig.*, 16-cv-696, 2017 U.S. Dist. LEXIS 153265, at *37 (E.D.N.Y. Sep. 20, 2017); *Gonzalez v. Costco Wholesale Corp.*, No. 16-CV-2590, 2018 U.S. Dist. LEXIS 171000, at *18 (E.D.N.Y. Sep. 29, 2018) ("the court lacks general personal jurisdiction over Defendant to adjudicate the claims of the out-of-state class members because New York is not the state where Defendant's principal place of business is located nor is it where Defendant is incorporated").

Moreover, the Second Amended Complaint now contains at least six different theories of alleged deception, some of which are inconsistent.  Therefore, each of Plaintiff's theories effectively creates a sub-class.  The Second Amended Complaint lacks the bare allegations as to which products were purchased and to how each named Plaintiff was injured, which is necessary to establish standing for each named Plaintiff, and thus fails to satisfy Fed. R. Civ. P. 8, because Michael Foods cannot know which named Plaintiff, if any, represents class members allegedly deceived by each alleged packaging element or theory of deception.

      C.      The Elements of Negligent Misrepresentation, Fraud, Warranty, and Unjust Enrichment Are Not Pled or Supported with Factual Allegations

Berger's negligent misrepresentation claim must be dismissed because Michael Foods has made no false representations, and because Berger does not have a "special relationship" with Michael Foods.  *Stoltz v. Fage Dairy Processing Indus., S.A.*, 14-cv-3826, 2015 U.S. Dist. LEXIS 126880, at *70-78 (E.D.N.Y. Sept. 22, 2015). Berger's amended fraud claim should be dismissed because Berger has not alleged facts that "give rise to a strong inference of fraudulent intent," *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997), by pleading facts to show that Michael Foods either had "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Berger's general and conclusory allegations that Michael Foods' "intent … was to skirt a patently and obviously fake claim" does not meet this standard, especially given that no affirmative false ingredient claims are alleged, and that margarine is disclosed as an ingredient.  Berger's amended claim for breach of express warranty and implied warranty of merchantability must be dismissed because Berger does not allege that he purchased Simply Potatoes directly from any Defendant or suffered any personal injury.  *See Weisblum v. Prophase Labs., Inc.*, 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015).  The unjust enrichment claim should be dismissed because Judge Bianco of this Court granted Defendant's previous motion to dismiss as to this claim, which has not been amended, (D.I. 34), and, in any case, it is duplicative of the preceding false advertising claims.  *Weisblum*, 88 F. Supp. at 296 (dismissing unjust enrichment claim that was duplicative of GBL claims).

                                    Respectfully submitted,

                                      August T. Horvath

B5030032.1