| | |
|---|---|
| Sheehan & Associates, P.C. | 505 Northern Boulevard, Suite 311, Great Neck, NY 11021<br>tel. 516.303.0552<br>fax 516.234.7800<br>spencer@spencersheehan.com |

August 28, 2019

District Judge Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201            Re:   2:17-cv-06728-RRM-ARL
                                     Berger v. MFI Holding Corporation et al

Dear District Judge Mauskopf:

This office represents the plaintiff and submits this letter in accordance with your Honor's Individual Rules and in opposition to defendant's pre-motion letter seeking to move for dismissal of the Second Amended Complaint ("SAC"). ECF No. 45, August 23, 2019. For the reasons set forth, defendant's request should be denied.

**I. Defendant's Second Motion to Dismiss is Proscribed by Rule 12(g)**

Defendant seeks to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 45 at 1. This second motion to dismiss is "barred under Federal Rule of Civil Procedure 12(g)(2)." *Neroni v. Zayas*, No. 13-cv-0127, (N.D.N.Y. June 4, 2015) (quoting Rule 12(g)(2), "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Since defendant already made a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the present request should be denied. ECF No. 29, March 19, 2018.

**II. Defendant's Second Motion to Dismiss is Based on Defenses Available in its First Motion to Dismiss**

Defendant's request to file a second motion to dismiss should be denied because all of the defenses it has rehashed were available to it when it filed its first motion to dismiss. Fed. R. Civ. P. 12(g)(2) (subject to certain exceptions, a party may not "make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); Torres v. UCONN HEALTH, No. 17-cv-00325 (D. Conn. June 7, 2018) (denying defendants' second motion to dismiss under Rule 12(g)(2) because the "defense asserted in the second motion was available at that time" the first motion was made); but see *7 West 57th St. Realty Co. v. Citigrp.*, 2015 WL 1514539, at *5-*7 (S.D.N.Y. Mar. 31, 2015) (granting leave to file a second motion to dismiss when an intervening decision "effected a change in the law, providing defendants . . . with a personal jurisdiction defense that was previously unavailable to them").

In contrast, defendant's arguments are identical to those which it previously made. Compare Defendant's First Motion to Dismiss, ECF No. 29-1, March 19, 2018 ("Made with Real Butter," "Fresh" and "Simply Potatoes" Would Not Mislead a Reasonable Consumer") *with* Pre-Motion Letter Seeking to File Second Motion to Dismiss, ECF No. 45 at 1 ("made with real butter & milk… also fails as a matter of law," no reasonable consumer would expect Products to be

"fresh" because they "are obviously pre-cooked, packaged, refrigerated mashed potatoes," and "that consumers do not expect a "simple" product, that is truthfully labeled to contain margarine, to contain GMOs").

Courts have "refused to consider arguments that could have been made in an original motion to dismiss that were re-asserted in a motion to dismiss an amended complaint or in opposition to the filing of an amended complaint." *Falcon v. City University of New York*, No. 15-cv-3421 (E.D.N.Y. July 15, 2016) citing *Naples v. Stefanelli*, No. 12-cv-4460, 2015 WL 541489, at *5 (E.D.N.Y. Feb. 7, 2015) ("The false arrest allegations in the Second Amended Complaint are identical to false arrest allegations in the Amended Complaint. The ESI Defendants therefore could have argued that probable cause existed in their first motion to dismiss, but they did not. Accordingly, the ESI Defendants have waived the ability to assert this defense in a second motion to dismiss. Their motion to dismiss the false arrest claims is therefore DENIED."). Defendant's requested motion should be denied since not only were defendant's arguments available to it, the Court ruled on all of the points defendant has made.

### III. Defendant's Second Motion to Dismiss Does Not Purport to be Made Pursuant to Any Exceptions to the "One Motion to Dismiss" Rule

Exceptions to the "one motion to dismiss" rule are provided for by Fed. R. Civ. P. 12(h)(2). *Falcon* (discussing the exceptions to when a party may bring a successive motion to dismiss under "12(b)(6) failure-to-state a claim defense that it omitted from an earlier motion, (1) in any pleading allowed or ordered under Rule 7(a); (2) by a motion under Rule 12(c); or (3) at trial").

First, defendant's second motion to dismiss is not covered under Rule 7(a).  Second, defendant does not seek to move based for judgment on the pleadings, which could only be made after the pleadings are closed.  ECF No. 39, May 24, 2019, Scheduling Order.  Third, trial is set for 2020, and defendant can make its motion possibly at that time.

### IV. Defendant's Second Motion to Dismiss is Barred by the "Law of the Case"

The simplest reason why defendant's second motion is impermissible is because it is "precluded by the "law of the case" doctrine: after the first motion to dismiss was decided, it was the "law of the case"" that defendant's arguments – its claims were not misleading "as a matter of law" were not sufficient. *Neary v. Wu*, No. 17-2876-pr (2d Cir. Feb. 19, 2019) citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("[W]here litigants have once battled for the court's decision, they should not be required, nor without good reason permitted, to battle for it again.").

### V. Conclusion

To the extent defendant argues the SAC contains "new theories," this claim is a stretch. Nevertheless, the claims defendant cites are not substantively different than those in the First Amended Complaint.  Defendant can move for summary judgment on those claims at the appropriate time.

Lastly, plaintiff acknowledges that Judge Bianco did dismiss the implied warranty of merchantability and unjust enrichment claims.  These claims were included in the SAC by mistake and if necessary or requested for convenience, plaintiff will refile the SAC and omit these causes

of action.  Thank you for your courtesies.

                                                Respectfully submitted,

                                                /s/ Spencer Sheehan  
                                                Spencer Sheehan

Certificate of Service

I certify that on August 28, 2019, I served the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan
Spencer Sheehan