United States District Court
Eastern District of New York

2:17-cv-06728-RRM-ARL

Josh Berger, individually and on behalf of all others similarly situated

Plaintiff

- against -

Michael Foods, Inc.

Defendant

Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Second Amended Complaint

SHEEHAN & ASSOCIATES, P.C.
505 Northern Blvd., Suite 311
Great Neck, NY 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800
spencer@spencersheehan.com

Attorneys for Plaintiffs

Table of Contents

Table of Authorities ........ ii

Introduction ........ 1

I. Defendant's Motion is Plainly in Violation of the "One Motion" Rule ........ 1

II. Even if Construed as Motion Under Rule 12(c), the Same Standard Applies and Requires Denial of Defendant's Motion ........ 3

III. Defendant's Arguments Were Available in its First Motion, Asserted and Denied ........ 5

IV. Defendant Cannot "Appeal" Judge Bianco's Decision by Relying on Judge Garufis ........ 7

V. Defendant's "Fresh" Claims are Still Misleading Regardless of Other Decisions ........ 8

VI. The Product's Artificial Flavor is Not Disclosed Which Misleads Consumers and is in Violation of Law ........ 9

VII. Defendant's Motion is Barred by the "Law of the Case" ........ 10

VIII. Defendant's Second Motion to Dismiss is an Untimely Motion for Reconsideration ........ 11

Conclusion ........ 12

**Table of Authorities**

**Cases**

*Allstate Ins. Co. v. Elzanaty*,
929 F. Supp. 2d 199 (E.D.N.Y. 2013) .......... 3, 6

*Armstrong v. Sears*,
33 F.3d 182 (2d Cir. 1994) .......... 3

*Cleveland v. Caplaw Enterprises*,
448 F.3d 518 (2d Cir. 2006) .......... 4

*Derisme v. Hunt Leibert Jacobson, PC*,
No. 3:10-cv-244, 2010 WL 3417857 (D. Conn. Aug. 26, 2010) .......... 3

*Devilla v. Schriver*,
245 F. 3d 192 (2d Cir. 2001) .......... 13

*Dorchester Investors v. Peak Trends Trust*,
No. 99-cv-4696, 2002 WL 272404
(S.D.N.Y. Feb. 26, 2002) .......... 4

*Falcon v. City University of New York*,
No. 15-cv-3421 (E.D.N.Y. July 15, 2016) .......... 15

*Fan v. United States*,
710 F. App'x 23 (2d Cir. 2018) .......... 14

*FRA S. p. A. v. Surg-O-Flex of America, Inc.*,
415 F. Supp. 421 (S.D.N.Y. 1976) .......... 3

*Iconix Brand Grp., Inc. v. Bongo Apparel, Inc.*,
No. 06-cv-8195, 2008 WL 2695090 (S.D.N.Y. July 8, 2008) .......... 5

*Johnson v. Holder*,
564 F.3d 95 (2d Cir. 2009) .......... 13

*Juster Assocs. v. City of Rutland, Vt.*,
901 F.2d 266 (2d Cir. 1990) .......... 4

*Neary v. Wu*,
No. 17-2876-pr (2d Cir. Feb. 19, 2019) .......... 12

*Neroni v. Zayas*,
No. 3:13-cv-0127, 2015 WL 3544652 (N.D.N.Y. June 4, 2015) .......... 2

*Prout v. Anne C. Vladeck & Vladeck, Raskin, & Clark*,
338 F. Supp. 3d 358 (S.D.N.Y. 2018) ........ 5

*Red Fort Capital, Inc. v. Guardhouse Productions LLC*,
No. 1:2019-cv-00686
(S.D.N.Y. Aug. 13, 2019)........ 4

*Reyes v. Crystal Farms Refrigerated Distrib. Co.*,
No. 18-cv-2250, 2019 U.S. Dist. LEXIS 125971 (E.D.N.Y. July 26, 2019) ........ 9

*Sellers v. M.C. Floor Crafters, Inc.*,
842 F.2d 639 (2d Cir. 1988) ........ 6

*Shrader v. Can. Transportation*,
70 F.3d 255 (2d Cir. 1995) ........ 13, 14

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
956 F.2d 1245 (2d Cir. 1992) ........ 13

*Wyler v. United States*,
725 F.2d 156 (2d Cir. 1983) ........ 6

**Rules**

Fed. R. Civ. P. 12(b)(1)........ 1

Fed. R. Civ. P. 12(b)(6)........ 1, 3, 4

Fed. R. Civ. P. 12(c) ........ 4

Fed. R. Civ. P. 12(g) ........ 2

Fed. R. Civ. P. 12(g)(2)........ 2, 4

Fed. R. Civ. P. 12(h)(2)........ 3

**Treatises**

Charles Alan Wright & Arthur R. Miller,
Federal Practice and Procedure § 1385 (3d ed. 2004)........ 2

## Introduction

Plaintiffs submits this memorandum of law in opposition to defendant's Second Motion to Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 47, Def. Notice of Motion and No. 47-1, Memorandum of Law in Support ("Def. MOL"). For the reasons below, the motion should be denied it in its entirety.

### I. Defendant's Motion is Plainly in Violation of the "One Motion" Rule

Defendant seeks to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 45 at 1. Since defendant already made a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the present request should be denied. ECF No. 29, 29-1, March 19, 2018. On April 9, 2018, plaintiff filed its opposition to defendant's motion to which defendant replied on April 20, 2018. ECF Nos. 30-31.

On March 28, 2019, United States Circuit Court Judge Joseph F. Bianco (then District Judge Bianco), in a telephonic order, ruled as follows:

> I am granting the motion with respect to the implied warranty of merchantability claim and the unjust enrichment claim. I'm denying the motion with respect to the New York General Business Law Sections 349 and 50, the express warranty claim and the common law fraud claim. I'm also denying the request to strike placing plaintiffs' nationwide class allegations as to the remaining claims and I separately conclude that the plaintiff does not have standing to seek injunctive relief in this particular case.

ECF No. 35, pp.2-3.

Defendant did not move to appeal or for reconsideration in the time which has passed.

Federal Rule of Civil Procedure 12(g) states, in relevant part, that "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party

which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2)."

Because none of the exceptions permitted apply here, this second motion to dismiss is "barred under Federal Rule of Civil Procedure 12(g)(2)." *Neroni v. Zayas*, No. 3:13-cv-0127, 2015 WL 3544652 (N.D.N.Y. June 4, 2015) (quoting Rule 12(g)(2), "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion.").

The purpose of Rule 12 was to "prevent the dilatory motion practice" of "motion-minded lawyers who, from force of habit or lack of good faith, cannot close their pleadings or come to issue without attempting to make numerous motions." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1385, at 481 (3d ed. 2004)) (Rule 12(g)(2) "generally precludes a second motion based on any Rule 12 defense or objection that the defendant could have but neglected to raise in the original motion."); *see also FRA S. p. A. v. Surg-O-Flex of America, Inc.*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976).

Courts within this Circuit have held that this "argument has merit: Rule 12(g) contemplates a single pre-answer motion and generally precludes subsequent pre-answer motions to dismiss." *Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 214 (E.D.N.Y. 2013) quoting *Derisme v. Hunt Leibert Jacobson, PC*, No. 3:10-cv-244, 2010 WL 3417857, at *4 (D. Conn. Aug. 26, 2010) (citing *Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir. 1994) (noting that all defenses must be consolidated in a single Rule 12 motion).

Such needless litigating where Plaintiffs have conclusively outlined their claims only benefits attorneys who file such motions. Defendant's motion should be denied and Plaintiffs should be allowed to move the case forward.

## II. Even if Construed as Motion Under Rule 12(c), the Same Standard Applies and Requires Denial of Defendant's Motion

One of the exceptions to the requirement that a defendant consolidate its defenses in moving under Rule 12(b)(6) is a Rule 12(c) motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial."); *Dorchester Investors v. Peak Trends Trust*, No. 99-cv-4696, 2002 WL 272404, at *2–*3 (S.D.N.Y. Feb. 26, 2002) ("District courts in the Second Circuit have held that successive motions to dismiss for failure to state a claim are not precluded by 12(h)(2)—that is, failure to raise a particular defense in a motion to dismiss does not preclude a party from bringing that defense in a 12(c) motion.").

However, the same standard "for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 521 (2d Cir. 2006).

The standard for granting a Rule 12(c) motion requires that "no material issue of fact remains to be resolved" and that the moving party be "entitled to judgment as a matter of law." *Red Fort Capital, Inc. v. Guardhouse Productions LLC*, No. 1:2019-cv-00686 (S.D.N.Y. Aug. 13, 2019) quoting *Juster Assocs. v. City of Rutland, Vt.*, 901 F.2d 266, 269 (2d Cir. 1990).

Though courts sometimes construe a second motion to dismiss as a motion under Rule 12(c) to "avoid[ing] any procedural problems posed by Rule 12(g)(2)," a defendant must do more than repeat the same arguments a court already addressed. *Prout v. Anne C. Vladeck & Vladeck*,

*Raskin, & Clark*, 338 F. Supp. 3d 358, 360 (S.D.N.Y. 2018); *Iconix Brand Grp., Inc. v. Bongo Apparel, Inc.*, No. 06-cv-8195, 2008 WL 2695090, at *2 (S.D.N.Y. July 8, 2008) (construing a second Rule 12 motion to dismiss for failure to state a claim as a Rule 12(c) motion that was not barred by Rule 12(g)).

Since defendant has not demonstrated, with even an iota of evidence, that "material facts are undisputed," judgment on the pleadings is not appropriate. For example, defendant conclusively asserts the artificial flavor may refer to "spices" in response to the SAC's allegation that the Products fail to disclose same on the front label. No documents or supporting evidence is offered for this statement.

Defendant's argument as to the size of a "pat" of butter is likewise insufficient. In its motion, defendant quotes selectively from the source relied upon by plaintiffs. ECF No. 47-1 at 11 ("the size of what we call 1 pat of butter can vary according to packaging."). However, in the sentence immediately following the line quoted by defendant, the article states, "[T]he most common pat of butter, the square, contains about half a tablespoon." Merely attempting to focus on perceived "inconsistencies" does not refute that the SAC plausibly alleges the front label image is a representation to the *amount* of butter in the Products.

Further, the SAC's allegations credibly provide support for this claim by calculating the Vitamin A content. Defendant avers generally that to "avoid any risk of over- declaring a nutrient, food companies often do not disclose the estimated Vitamin A content of their butter ingredients." ECF No. 47-1 at 11.

Yet these "defenses" are nothing more than counsel's unsupported assertions and should be accorded no weight. *Wyler v. United States*, 725 F.2d 156, 160 (2d Cir. 1983) (finding that an "affidavit of the opposing party's attorney which does not contain specific facts or is not based on

first-hand knowledge is not entitled to any weight.”).

Defendant, as the movant, is required to “bear[s] the burden of establishing that it is entitled to judgment on the pleadings. *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). By attempting to re-litigate its first motion to dismiss, and not providing documentary evidence to refute allegations, defendant’s present motion should be denied.

## III. Defendant’s Arguments Were Available in its First Motion, Asserted and Denied

An exception to the “one motion rule” is the assertion of defenses that were unavailable at the time a defendant filed its motion to dismiss. *Allstate Ins. Co. v. Elzanaty,* 929 F. Supp. 2d 199, 214 (E.D.N.Y. 2013) ("[b]y its express terms, Rule 12(g)(2) precludes a subsequent motion to dismiss only to the extent that it raises defenses or objections that were `available' to the defendant at the time of a prior motion to dismiss."). Not only were all of the proffered arguments advanced previously, defendant copied them word for word.

For instance, defendant’s section I(B) of the second motion presents virtually identical text from the first motion’s section I(A).

| ECF 29-1 | ECF 47-1 |
|---|---|
| Like the statement in Mantikas, the statement “made with real butter,” on Simply Potatoes is not deceptive because it simply identifies the fact that real butter is an ingredient, which adds value to the product, regardless of what else is or is not in the product. | Like the statement in Reyes, the statement “made with real butter and milk,” on Simply Potatoes mashed potatoes is not deceptive because it simply identifies the fact that real butter is an ingredient, which adds value to the product, regardless of what else is or is not in the product. |
| Knowing that butter has value for its own sake, as Plaintiff alleges extensively, no reasonable consumer in a grocery store would believe that products have no margarine or other ingredients simply because the label states “made with real butter.” | Knowing that butter has value for its own sake, as Plaintiffs allege extensively, no reasonable consumer in a grocery store would believe that products have no vegetable- based fats containing GMOs, or any other ingredients, simply because the label states “made with real butter and milk.” |

| | |
|---|---|
| Federal courts have time and time again dismissed virtually identical claims where the plaintiffs have alleged "made with" ingredient claims were misleading. These courts have held that such statements are factually true if the product indeed contains the ingredient, and that they are therefore not deceptive as a matter of law. | Federal courts have time and time again dismissed virtually identical claims where the plaintiffs have alleged "made with" ingredient claims were misleading. These courts have held that such statements are factually true if the product indeed contains the ingredient, and that they are therefore not deceptive as a matter of law. |
| See e.g., Manchouck v Mondeléz Intl., Inc., No. 13-CIV-02148, 2013 U.S. Dist.LEXIS 138877, at *7-9 (N.D. Cal. Sept. 26, 2013) (claim that "made with real fruit" on fig cookie labels deceptively implied product excluded mechanically processed puréed fruit "strains credibility;" no reasonable consumer likely to be deceived and putative class action complaint dismissed without leave to amend); | See e.g., Manchouck v Mondeléz Intl., Inc., No. 13-CIV-02148, 2013 U.S. Dist. LEXIS 138877, at *7-9 (N.D. Cal. Sept. 26, 2013) (claim that "made with real fruit" on fig cookie labels deceptively implied product excluded mechanically processed puréed fruit "strains credibility;" no reasonable consumer likely to be deceived and putative class action complaint dismissed without leave to amend); |
| Henderson v. Gruma Corp., No. 10-CIV-4173, 2011 U.S. Dist. LEXIS 41077, (C.D. Cal. Apr. 11, 2011) (dip packaging claiming made "with garden vegetables" not likely deceptive to a reasonable consumer where product "contain[ed] avocado powder, dehydrated onion, garlic powder, and bell pepper and thus contained vegetables that can be grown in a garden"); | Henderson v. Gruma Corp., No. 10-CIV-4173, 2011 U.S. Dist. LEXIS 41077, at *33-34 (C.D. Cal. Apr. 11, 2011) (dip packaging claiming made "with garden vegetables" not likely deceptive to a reasonable consumer where product contained avocado powder, dehydrated onion, garlic powder, and bell pepper and thus "contain[ed] vegetables that can be grown in a garden"); |
| Red v. Kraft Foods, Inc., No. 10-civ-1028, 2012 U.S. Dist. LEXIS 164461, at *10-12 (C.D. Cal. Oct. 25, 2012) (reasonable consumer not likely to be deceived into believing that claim "made with real vegetables" for crackers means product is healthy and contains a significant amount of vegetables, because reasonable consumers know crackers are not composed primarily of fresh vegetables); | Red v. Kraft Foods, Inc., No. 10-civ-1028, 2012 U.S. Dist. LEXIS 164461, at *10-12 (C.D. Cal. Oct. 25, 2012) (reasonable consumer not likely to be deceived into believing that claim "made with real vegetables" for crackers means product is healthy and contains a significant amount of vegetables, because reasonable consumers know crackers are not composed primarily of fresh vegetables); |
| Sensible Foods, LLC v. World Gourmet, Inc., No. 11-2819, 2012 U.S. Dist. LEXIS 21446, at *16-20 (N.D. Cal. Feb. 21, 2012) (court dismisses claim that product names "Veggie Straws" and "Apple Straws" for snack foods | Sensible Foods, LLC v. World Gourmet, Inc., No. 11-2819, 2012 U.S. Dist. LEXIS 21446, at *16-20 (N.D. Cal. Feb. 21, 2012) (court dismisses claim that product names "Veggie Straws" and "Apple Straws" for snack foods |

| | |
|---|---|
| made primarily of potatoes is misleading, holding the name was not deceptive because the products indeed contained vegetables and apples). | made primarily of potatoes is misleading, holding the name was not deceptive because the products indeed contained vegetables and apples). |
| The court in Sensible Foods went as far as to say "it strains the boundaries of the English language — to say that products made primarily from potatoes are not made of 'veggies.'" Id., at *17-18. | The court in Sensible Foods went as far as to say "it strains the boundaries of the English language — to say that products made primarily from potatoes are not made of 'veggies.'" Id., at *17-18. |
| The same rationale can be applied in the instant case, as it is implausible that a reasonable consumer would be misled into thinking that "made with real butter and milk" means Simply Potatoes mashed potatoes cannot also contain vegetable fats made from GMOs. | The same rationale can be applied in the instant case, as it is incredulous that a reasonable consumer would be misled into thinking that "made with real butter" means Simply Potatoes cannot also contain margarine. |
| Plaintiffs' allegations about home cooking practices and Internet recipes ignore the context of a consumer purchasing a ready-to-eat mashed potato product, and provide no information relevant to a reasonable consumer acting reasonably under those circumstances | Plaintiff's allegations about home cooking practices and Internet recipes ignore the context of a consumer purchasing a ready-to-eat mashed potato product, and provide no information relevant to a reasonable consumer acting reasonably under those circumstances. |

## IV. Defendant Cannot "Appeal" Judge Bianco's Decision by Relying on Judge Garufis

Defendant's second motion makes much of a decision by Judge Garufis in a case involving a similar – but not identical – product. ECF No. 47-1 at 12 citing *Reyes v. Crystal Farms Refrigerated Distrib. Co.*, No. 18-cv-2250, 2019 U.S. Dist. LEXIS 125971, at *8-16 (E.D.N.Y. July 26, 2019) (dismissing allegations that "made with real butter" on mashed potato product implied absence of margarine)

Defendant cites to *Reyes* close to 10 times in 17 pages and invokes Judge Garufis three times:

- Judge Garaufis in this District recently considered, and dismissed, a closely similar case, alleging that a "made with real butter" claim on a similar mashed potato product implied the presence of no other fats in the product.

- In Reyes, the court noted that the "made with real butter" claim on the Diner's Choice mashed potato product is truthful, and that "a reasonable consumer who was concerned about whether the mashed potatoes contained margarine would know that 'the devil is in the details' and thus would check the ingredients label.

- Following *Davis*, the *Reyes* Court held that the proper analysis starts with whether the element challenged by the plaintiff is misleading, concluding that "made with real butter" is not misleading on a mashed potato product that is made with real butter. *Reyes*, at *8-11.

- As Judge Garaufis noted in the Reyes ruling, Kellogg in Mantikas prominently featured "Whole Wheat" as a major marketing element of its Cheez-It crackers, when in fact, the flour used was predominantly enriched white flour. Reyes, at*11

- Here, as in Reyes, it is undisputed that the Products contain more butter than other fats.

- Like the statement in Reyes, the statement "made with real butter and milk," on Simply Potatoes mashed potatoes is not deceptive

- This allegation, too, was dismissed by Judge Garaufis in the closely similar Reyes v. Crystal Farms case. In that case, the packaging claim was "Made with fresh whole potatoes," on a similar prepared mashed potato product. In that case, as here, the plaintiff admitted that the clear, unambiguous meaning of the claim – that the potatoes are raw and unfrozen when incorporated into the product – is truthful. Reyes, at *12.

Instead of relying on a decision favorable to its interests to overturn an adverse decision, defendant should have moved for appeal of Judge Bianco's Decision to the Second Circuit Court of Appeals where it could have presented the same arguments provided here or at least, reconsideration.

Though a respected and acclaimed jurist, Judge Garufis' decision on one case does not have res judicata effect on this case, where this Court happened to come to a different conclusion.

## V. Defendant's "Fresh" Claims are Still Misleading Regardless of Other Decisions

Defendant relies on Judge Garufis in attempting to dismiss the "fresh" claims (again). ECF No. 47-1 ("This allegation, too, was dismissed by Judge Garaufis in the closely similar *Reyes v.*

*Crystal Farms* case.”).

Defendant feigns incredulousness that “fresh” mashed potatoes could exist and even mischaracterizes plaintiffs’ allegations as expecting mashed potatoes to be a “fresh vegetable.” By this argument, there could be no such thing as “fresh juice,” since fruits have to be squeezed before the juice is released or fresh pasta sauce. 58 Fed. Reg. 3, 2401 at 2403 (“expressed juices from raw produce could bear the term ‘fresh’” but if the term were used to describe pasteurized juice, it would be misbranded); 21 C.F.R. § 101.95 (“the term "fresh" to describe pasta sauce that has been pasteurized or that contains pasteurized ingredients would be subject to paragraph (a) of this section because the term implies that the food is not processed or preserved.”).

For juice, pasta sauce, bread, milk and countless other foods, “fresh” is applicable “where there are processed and unprocessed forms of the food available.” 58 Fed. Reg. 3, 2401 at 2402.

“Unprocessed” in this sense means a form of the food that has not been subjected to a form of preservation, such that “fresh” is not restricted to describing only raw agricultural commodities. Id. (“However, the agency does not agree that the use of the term "fresh" is appropriate if a food has been subjected to chemical treatments, including but not limited to antioxidants, antimicrobial agents, or preservatives, that introduce chemically active substances that remain in or on the food to preserve or otherwise affect the food.”) *see* 21 U.S.C. § 101.95 (“[t]he term ‘fresh,’ when used on the label or in labeling of a food in a manner that suggests or implies that the food is unprocessed, means that the food is in its raw state and has not been frozen or subjected to any form of thermal processing or any other form of preservation”).

In other words, “fresh” exists on a continuum because it relates to when the food was first in existence (i.e., juice expressed from raw produce).

**VI. The Product’s Artificial Flavor is Not Disclosed Which Misleads Consumers and is in Violation of Law**

Defendant claims it is "implausible to allege…the artificial flavors are there to imitate something that is already in the product," yet FDA rules exist to engage in such practices precisely because companies like defendant continually resort to deception. ECF 47-1 at 9-10; *See* 21 C.F.R. § 101.22(i)(2) (requiring the declaration of "artificial flavor" where such flavor is used to simulate, resemble or reinforce a flavor).

Assuming the artificial flavor is in the semblance of butter, it is not required to be "declared as part of the name of the food in accordance with §101.22," due to the margarine standard of identity requirements. *See* SAC at ¶ 110 citing 21 C.F.R. §166.110(b)(7). This means if the artificial flavor *is not in the semblance of butter*, then it must be declared on the front label.

Defendant does not submit verified documents which establish the artificial flavor is not in the semblance of butter. Instead, it offers an affirmation from counsel rather than someone with personal knowledge. In so doing, defendant makes the novel claim that the artificial flavor is "any number of seasonings" despite the distinct and legal difference between these two articles.

What is really implausible would be that if these "seasonings" had no connection to butter. It makes little sense that a product marketed as mashed potatoes with "real butter" would intentionally have added artificial flavor – that may according to defendant actually be seasonings – that is opposite to butter in taste. If that were the case, it would be a material fact required to be stated on the front label along with being identified as "artificial."

### VII. Defendant's Motion is Barred by the "Law of the Case"

The only parties who benefit from re-litigating parts of a case are the attorneys who bring the motions, because after the first motion to dismiss was decided, it was the "law of the case." *Neary v. Wu*, No. 17-2876-pr (2d Cir. Feb. 19, 2019) ("The district court was correct to reject Dr. Wu's second motion to dismiss that raised substantially the same arguments as the first. Neary's

Second Amended Complaint did not substantively modify the allegations against Dr. Wu. Dr. Wu thus moved to dismiss the same substantive allegations against him twice on the same grounds. This second motion was precluded by the "law of the case" doctrine") citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("[W]here litigants have once battled for the court's decision, they should not be required, nor without good reason permitted, to battle for it again.").

The "law of the case" doctrine provides that "courts should be loathe to revisit issues already decided absent cogent and compelling reasons." *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009). Its purpose is to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Devilla v. Schriver*, 245 F. 3d 192, 197 (2d Cir. 2001).

**VIII. Defendant's Second Motion to Dismiss is an Untimely Motion for Reconsideration**

In forcing the Court to expend resources rehashing issues already decided, defendant essentially has moved for reconsideration. The standard for a motion for reconsideration is strict and courts caution litigants to exercise discretion in filing them. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

There are three grounds on which a motion for reconsideration can be granted: (1) an intervening change in the law, (2) the availability of new evidence or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd.*, 956 F.2d at 1255.

Courts are consistent in ruling that "Under no circumstances should a motion to reconsider be granted where the movant re-files a motion on which the court has already ruled, seeking solely to relitigate an issue already decided. *Murillo V. A Better Way Wholesale Autos, Inc.*, No. 3: 17-cv-1883 (D. Conn. Dec. 9, 2019) citing *Shrader v. Can. Transportation*, 70 F.3d 255, 257 (2d Cir.

1995) ("The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

Courts must fairly and accurately resolve disputes in a timely manner and cannot do so if it rules on individual motions multiple times. Contrary to defendant's motion, "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018); accord *Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Since defendant's second motion to dismiss contains nothing but the arguments already rejected and does not meet the high standard for what it really is – a motion for reconsideration – the Court should deny the relief requested.

**Conclusion**

Courts have "refused to consider arguments that could have been made in an original motion to dismiss that were re-asserted in a motion to dismiss an amended complaint or in opposition to the filing of an amended complaint." *Falcon v. City University of New York*, No. 15-cv-3421 (E.D.N.Y. July 15, 2016).

For the foregoing reasons, the Court should deny Defendant's Motion in its entirety or in the alternative, grant leave to amend or dismiss without prejudice.

Dated: December 13, 2019

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan (SS-8533)

505 Northern Blvd., Suite 311
Great Neck, NY 11021
(516) 303-0552
spencer@spencersheehan.com

2:17-cv-06728-RRM-ARL
United States District Court
Eastern District of New York

---

Josh Berger, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

Michael Foods, Inc.

Defendant

---

Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Second Amended Complaint

---

Sheehan & Associates, P.C.
505 Northern Blvd., #311
Great Neck, NY 11021
Tel: (516) 303-0552
Fax: (516) 234-7800

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

December 13, 2019

/s/ Spencer Sheehan
Spencer Sheehan